IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky L. Hatcher, #305505 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Gregory Knowlin, )<br>)<br>Respondent. )<br>_____) | Civil Action No.: 6:11-1319-RMG<br><br>**ORDER** |

In this case, Petitioner is proceeding *pro se* and *in forma pauperis* and seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC. On August 4, 2011, Respondent filed a motion for summary judgment. (Dkt. Nos. 15-16). On August 19, 2011, Petitioner filed a response. (Dkt. No. 20). On January 26, 2012, the Magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 23). On February 14, 2012, Petitioner filed objections to the Report and Recommendation. (Dkt. No. 26). As explained herein, the Court adopts the Magistrate's Report and Recommendation and grants Respondent's motion for summary judgment.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner is a state prisoner who was previously convicted in state court on certain drug charges. Petitioner appealed his conviction, arguing that the trial court erred in admitting drug evidence for which the State failed to prove the chain of custody and in misstating to the jury the State's burden of proof. *See State v. Hatcher*, 681 S.E.2d 925, 926 (S.C. Ct. App. 2009). The South Carolina Court of Appeals reversed Petitioner's conviction and remanded the case, finding that the State did not establish a sufficient chain of custody and that the drug evidence therefore should have been suppressed. *Id.* at 929. The Court of Appeals declined to reach Petitioner's challenge to the trial court's jury charge. *Id.* The South Carolina Supreme Court granted the State's petition for writ of certiorari and reversed the Court of Appeals in a published opinion. *See State v. Hatcher*, 708 S.E.2d 750 (S.C. 2011). The South Carolina Supreme Court held that the trial court did not abuse its discretion in admitting the drug evidence because the State established the chain of custody to the extent required by South Carolina law. *Id.* The Court also held that the issue regarding the trial court's jury instruction was not preserved for review because no objection was made at trial. *Id.* at 755 n.2.

In his habeas petition, Petitioner raises the same two arguments which he raised on appeal to the South Carolina Court of Appeals and to the South Carolina Supreme Court. (Dkt. No. 1 at 6-7). In Ground One, Petitioner argues that "[t]he trial court judge erred by not

2

excluding the drugs from evidence when the state failed to prove the chain of custody." (*Id.* at 6). Petitioner argues that this error violated his constitutional right to due process. (*Id.*). In Ground Two, Petitioner argues that "[t]he trial judge erred by instructing the jury, with respect to the proximity charge, that the State had to prove the evidence to "your satisfaction." (*Id.* at 7). Petitioner argues that this error also violated his constitutional right to due process. (*Id.*). The Court finds that Petitioner is not entitled to habeas corpus relief pursuant to either of these grounds.

**I.     Ground One**

Section 2254 of Title 28 of the United States Code provides:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Importantly, in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008) (quoting *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000); *see also Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) ("Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.") (internal citation omitted). The Court has reviewed the record and the South Carolina

3

Supreme Court's opinion in *State v. Hatcher*, 708 S.E.2d 750 (S.C. 2011), and the Court finds that Petitioner has failed to meet this burden.

## II.     Ground II

In *State v. Hatcher*, the South Carolina Supreme Court held that, because Petitioner did not object to the trial court's jury charge regarding proximity, Petitioner did not preserve that issue for review. 708 S.E.2d at 755 n.2. "A federal court is unable to consider a claim dismissed by a state court on a procedural ground, unless the petitioner shows cause and prejudice in failing to follow the relevant state procedure," *see Daniels v. Lee*, 316 F.3d 477, 487 (4th Cir. 2003), or unless the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). The Court has reviewed the record and finds no evidence of any particular cause for Petitioner's procedural default on this claim. Further, the Court finds no evidence of prejudice, or a fundamental miscarriage of justice, resulting from this procedural default.

### Conclusion

For the foregoing reasons, the Court adopts the Magistrate's Report and Recommendation and grants Respondent's motion for summary judgment.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 16, 2012
Charleston, South Carolina